UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, an Illinois corporation, for itself, and as subrogee of Whittaker Corporation; and WHITTAKER CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. CV-13-1527 EMC<br><br>[PR~~OPO~~SED] STIPULATED ORDER REGARDING THE INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION<br><br>Judge: Hon. Edward M. Chen |

---

**1**
**[PROPOSED] STIPULATED ORDER REGARDING THE**
**INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**
**CASE NO. CV-13-1527 EMC**

The Parties by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Inadvertent Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

1. Pursuant to Federal Rule of Evidence 502(d) this Court can order that the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity is not waived by the disclosure of a document or other information protected by these privileges either in this litigation or in any other federal or state proceeding.

Except as set forth in paragraph 9 below, this Order shall be applicable to and govern all testimony in deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, correspondence and all other information or material produced, made available for inspection, or otherwise submitted and transmitted by any of the Parties in this litigation pursuant to the Federal Rules of Civil Procedure (including disclosures pursuant to FRCP 26) or pursuant to a Freedom of Information Act and/or Public Records Act Request to the United States of America or subdivision thereof ("Government"), or by informal exchange and communication between the Parties (collectively "Information"). The treatment of Information disclosed at trial or hearings will be determined at a later date by the Court pursuant to applicable federal and state law.

2. This Order does not excuse a Party from its obligations to undertake reasonable measures to protect against the inadvertent disclosure of privileged Information.

## II. PRODUCTION OF MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

3. The inadvertent production of any privileged, work product protected or otherwise exempted Information ("Protected Information") shall not be deemed a waiver or impairment of any claim of privilege, work product protection or exemption including, but not

1   limited to, the attorney-client privilege, the protection afforded to work product materials, privileges afforded the Government under applicable statutory or case law or the subject matter thereof as to the inadvertently produced Protected Information as long as the producing Party adheres to the terms of this Order.

4.   The producing Party must notify the receiving Party promptly, in writing, within ten (10) business days of discovery that such Protected Information has been produced and provide a new copy of the material with the allegedly privileged portions redacted. In such notice, the producing Party must specifically identify by Bates number, or, if a Bates number does not apply to the particular Information, by other similar identifying information, the documents or other Protected Information produced. The producing Party must further identify the reasonable measures taken to prevent inadvertent disclosure of Protected Information. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

5.   Upon receiving written notice from the producing Party that privileged, work product protected, or exempted Information has been produced, such Information, and all copies thereof, shall be returned to the producing Party within fifteen (15) business days of receipt of such notice unless the receiving Party challenges the exemption designation pursuant to paragraph 6. The receiving Party shall not use such Protected Information for any purpose, except as provided in paragraph 6, until further Order of the Court. The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Protected Information in electronic format.

6.   The receiving Party may contest the privilege, work product, or other exemption designation, by the producing Party. The receiving Party contesting the designation shall give the producing Party written notice of the reason for contesting the privilege. The receiving Party shall promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B),

until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party must take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved. The receiving Party, however, shall be entitled to use a copy of the disputed Protected Information to resolve the designation dispute. As long as the producing Party is not in material breach of this agreement, the receiving Party may not challenge the designation by arguing that the mere disclosure of the Protected Information itself is a waiver of any applicable privilege. In a contest over the proper designation of the Information, the receiving Party shall, within fifteen (15) business days from the initial notice by the producing Party, seek an Order from the Court to resolve the designation dispute. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) that are not otherwise covered by this Order. Pending resolution of the dispute, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law. If no such Order is sought, upon expiration of the fifteen (15) day period, all copies of the disputed Protected Information shall be returned to the producing Party.

7. Any analyses, memoranda or notes which were internally generated based upon the disputed Protected Information shall immediately be placed in sealed envelopes with associated electronic information sequestered and shall be destroyed in the event that (a) the receiving Party does not contest that the Protected Information is privileged or otherwise protected, or (b) the Court rules that the Information is privileged or otherwise protected. Such analyses, memoranda or notes may only be removed from the sealed envelopes and used for their intended purposes in the event that (a) the producing Party agrees in writing that the

Information is not privileged or otherwise protected, or (b) the Court rules that the Information is not privileged or otherwise protected.

8. Nothing in this agreement shall relieve a Party of any obligation that it might have regarding the use of knowingly privileged information. Nor shall a receiving Party be subject to any sanction, up to and including recusal, for its review of Protected Information that it did not know was subject to a claim of privilege. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification shall not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with paragraph 4 above within five business days of receiving notice from the identifying Party.

9. The foregoing procedures in this agreement shall not apply to Protected Information that has been produced or otherwise provided to a person designated as a testifying expert in this matter ("Testifying Expert"). To the extent a Party desires to make a claim of privilege under this agreement related to Protected Information produced or otherwise provided to a Testifying Expert, that Party may do so only upon a showing of good cause. In determining if good cause exists, the Court shall consider, among other relevant factors, the prejudice to the receiving Party caused by the claim of privilege. If a claim of privilege is sustained as to Protected Information produced or otherwise provided to a Testifying Expert, and the privilege claim relates to a document that the Testifying Expert relied on, then the Testifying Expert shall have 30 days after the privilege claim has been resolved to produce a revised report. If a revised report is produced, the prior report shall be treated as work-product pursuant to Federal Rule of Civil Procedure 26 and all copies shall be returned to the

producing Party. Such prior report may not be used for any purpose, including for the purposes of impeachment.

10. Nothing in this agreement is intended to, or shall, constitute a waiver or impairment of any claim, or right to raise such claim, of privilege, work product protection or exemption including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, and privileges afforded the Government under applicable statutory or case law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 10, 2013    WOOD, SMITH, HENNING & BERMAN LLP

By: s/ David F. Wood
DAVID F. WOOD
GREGORY P. ARAKAWA

Attorneys for Plaintiff,
CHARTIS SPECIALTY INSURANCE COMPANY

SCOTT L. DAVIS
(*admitted pro hac vice*)
MATTHEW J. SCHROEDER
(*admitted pro hac vice*)
COLIN G. MARTIN
(*admitted pro hac vice*)
GARDERE WYNNE SEWELL LLP

DATED: September 10, 2013    PILLSBURY WINTHROP SHAW PITTMAN LLP

By: s/ Mark E. Elliot
MARK E. ELLIOT
REYNOLD L. SIEMENS

Attorneys for Plaintiff,
WHITTAKER CORPORATION

DATED: September 10, 2013    ROBERT G. DREHER
Acting Assistant Attorney General

By: s/ John Thomas H. Do
C. SCOTT SPEAR
MICHAEL C. AUGUSTINI
JOHN THOMAS H. DO
Environment & Natural Resources Division
U.S. Department of Justice

Attorneys for Defendant,
UNITED STATES OF AMERICA

*Filer attests that concurrence in the filing has been obtained from counsel for CHARTIS SPECIALTY INSURANCE COMPANY and WHITTAKER CORPORATION.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 25, 2013

_____
Honorable Edward Chen
United States District Judge

[APPROVED — Judge Edward M. Chen]