UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant.<br>_____/ | No. C-13-1527 EMC<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 105)** |

　　　　Pending before the Court is Plaintiff Chartis Specialty Insurance Company's ("Chartis") request for leave to file a motion for reconsideration. Chartis' request is **GRANTED** and the proposed motion for reconsideration, located at docket number 105-1, will be filed.

　　　　The Court concludes that Plaintiff's reliance on the Ninth Circuit's recent decision in *ASARCO, LLC v. Union Pacific R.R. Co.*, 765 F.3d 999 (9th Cir. 2014), as intervening authority is misplaced. *ASARCO* addressed a narrow question of first impression regarding the application of Rule 15's relation back doctrine: "Can an amended pleading relate back if it includes allegations that were expressly disclaimed in the original pleading?" *Id.* at 1005. Chartis' original complaint in this action did not expressly disclaim any claim or allegation later alleged in the First Amended Complaint. *ASARCO* did not break new ground in any way material to this case. Accordingly, Chartis has failed to meet the standard for reconsideration under N.D. Cal. Local Rule 7-9(b).

　　　　Despite the fact that Chartis' "motion is technically defective, the Court nonetheless has the inherent authority to revisit and modify any interlocutory orders at any time prior to final judgement." *Gong v. City of Alameda*, No. C03-5495 TEH, 2007 WL 1223693, at *1 (N.D. Cal. Apr. 24, 2007). "A district court may reconsider and reverse a previous interlocutory decision for

any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000).

Chartis is correct that the Court in its prior order on the United States' motion to dismiss determined, *sua sponte*, that the statute of limitations for Chartis' subrogation claims should be based on the date of the filing of the First Amended Complaint. Accordingly, the Court did not have the benefit of briefing by the parties on whether the subrogation claims should relate back to the filing of the original complaint for purposes of the statute of limitations. Chartis' motion for reconsideration raises a substantial question as to whether its subrogation claim should be deemed to relate back to the filing of the original complaint.

The United States is **ORDERED** to file a response to Chartis' substantive arguments in favor of applying the relation back doctrine in these circumstances. This response shall not exceed seven pages and shall be filed by **Friday, December 9, 2014** at **5:00pm**. Chartis may file a reply not to exceed three pages by **Tuesday, December 16, 2014** at **5:00pm**.

This order disposes of docket number 105.

IT IS SO ORDERED.

Dated: December 2, 2014

_____
EDWARD M. CHEN
United States District Judge