1

2

3

4

5                              UNITED STATES DISTRICT COURT

6                            NORTHERN DISTRICT OF CALIFORNIA

7

8    CHARTIS SPECIALTY INSURANCE              No. C-13-1527 EMC
     COMPANY, *et al.*,

9              Plaintiffs,

10        v.                                  **ORDER GRANTING PLAINTIFFS'**
                                              **REQUEST FOR LEAVE TO FILE A**
11   UNITED STATES OF AMERICA,                **MOTION FOR RECONSIDERATION**

12             Defendant.                     **(Docket No. 105)**
     _____/

13

14        Pending before the Court is Plaintiff Chartis Specialty Insurance Company's ("Chartis")

15   request for leave to file a motion for reconsideration.  Chartis' request is **GRANTED** and the

16   proposed motion for reconsideration, located at docket number 105-1, will be filed.

17        The Court concludes that Plaintiff's reliance on the Ninth Circuit's recent decision in

18   *ASARCO, LLC v. Union Pacific R.R. Co.*, 765 F.3d 999 (9th Cir. 2014), as intervening authority is

19   misplaced.  *ASARCO* addressed a narrow question of first impression regarding the application of

20   Rule 15's relation back doctrine: "Can an amended pleading relate back if it includes allegations that

21   were expressly disclaimed in the original pleading?"  *Id.* at 1005.  Chartis' original complaint in this

22   action did not expressly disclaim any claim or allegation later alleged in the First Amended

23   Complaint.  *ASARCO* did not break new ground in any way material to this case.  Accordingly,

24   Chartis has failed to meet the standard for reconsideration under N.D. Cal. Local Rule 7-9(b).

25        Despite the fact that Chartis' "motion is technically defective, the Court nonetheless has the

26   inherent authority to revisit and modify any interlocutory orders at any time prior to final

27   judgement."  *Gong v. City of Alameda*, No. C03-5495 TEH, 2007 WL 1223693, at *1 (N.D. Cal.

28   Apr. 24, 2007).  "A district court may reconsider and reverse a previous interlocutory decision for

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   any reason it deems sufficient, even in the absence of new evidence or an intervening change in or

2   clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102

3   (S.D. Cal. 2000).

4          Chartis is correct that the Court in its prior order on the United States' motion to dismiss

5   determined, *sua sponte*, that the statute of limitations for Chartis' subrogation claims should be

6   based on the date of the filing of the First Amended Complaint. Accordingly, the Court did not have

7   the benefit of briefing by the parties on whether the subrogation claims should relate back to the

8   filing of the original complaint for purposes of the statute of limitations. Chartis' motion for

9   reconsideration raises a substantial question as to whether its subrogation claim should be deemed to

10  relate back to the filing of the original complaint.

11         The United States is **ORDERED** to file a response to Chartis' substantive arguments in

12  favor of applying the relation back doctrine in these circumstances. This response shall not exceed

13  seven pages and shall be filed by **Tuesday, December 9, 2014** at **5:00pm**. Chartis may file a reply

14  not to exceed three pages by **Tuesday, December 16, 2014** at **5:00pm**.

15         This order disposes of docket number 105.

16

17         IT IS SO ORDERED.

18

19  Dated: December 2, 2014

20         _____

21         EDWARD M. CHEN
           United States District Judge

22

23

24

25

26

27

28