UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. _____/ | No. C-13-1527 EMC <br><br> **ORDER GRANTING CHARTIS' MOTION FOR RECONSIDERATION** <br><br> **(Docket No. 105)** |

      Pending before the Court is Plaintiff Chartis Specialty Insurance Company's ("Chartis") motion for reconsideration. This motion is focused on a narrow issue: Does Chartis' subrogation claim under § 112 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9612 – first asserted in the amended complaint – relate back to the filing of the original complaint.[1] For the following reasons, the Court finds that it does and therefore **GRANTS** Chartis' motion for reconsideration.

      Federal Rule of Civil Procedure 15(c) provides, in relevant part, that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c). The relation back doctrine is to be "liberally applied" as its purpose "'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d

---

[1] A detailed discussion of the facts underlying this action can be found at *Chartis Speciality Ins. Co. v. United States*, No. C13-1527, 2013 WL 3803334 (N.D. Cal. July 19, 2013).

999, 1005 (9th Cir. 2014) (quoting 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1471 (3d ed. 1998). "Gone are the code pleading days when a party was 'irrevocably bound to the legal or factual theory of the party's first pleading.'" *Id.* (quoting 6 Wright et al., *supra*, § 1471). Accordingly, relation back is "proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988); *see also Farma v. Comm'r of Correctional Servs.*, 253 F.3d 804 (2d Cir. 2000) ("[T]he pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims.'" (quoting *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998)).

Resolution of Chartis' motion for reconsideration hinges on the impact of *Custom Insurance Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946 (9th Cir. 2013). In that case the Ninth Circuit held that an insurer cannot bring a direct claim under CERCLA § 107(a). The Court stated that a section 107(a) claim "plainly applies to a person who, through his or her own actions, becomes statutorily liable for, or is subject to, the costs related to the cleanup" of a contaminated site. *Id.* at 961-62. It then held that the insurer in that case "only alleges that by virtue of reimbursing [the property owner] under its Policy, it became subrogated to [the property owner's] right to pursue a section 107(a) claim. But a subrogee – simply by stepping into the shoes of the insured via a reimbursement – cannot be liable for response costs under CERCLA, and thus cannot itself incur response costs." *Id.* at 962. Accordingly, the Ninth Circuit concluded that an insurer "lacks standing to sue under section 107(a) because it has not itself become statutorily liable for response costs" and "section 107(a) does not support an application of subrogation under that provision." *Id.* at 965. *Chubb* also spoke to the necessary requirements in asserting a subrogation claim under § 112(c). The Ninth Circuit, "after reviewing the statutory language, remedial scheme, and purpose of CERCLA, along with relevant case law," held that "an insured must first make a claim to either the Superfund or a potentially liable party before an insurer can bring a subrogation action under section 112(c)." *Chubb*, 710 F.3d at 971. A "claim" is defined under CERCLA as a "demand in writing for a sum certain." 42 U.S.C. § 9601(4).

*Chubb* had a major impact on the proceedings in this action. In the original complaint, filed in December 2012 (three months before the *Chubb* decision issued), Chartis and Whittaker both asserted a § 107 claim against the United States. *See* Complaint ¶¶ 63-88. A mere one week after the *Chubb* decision came out, the parties stipulated to the filing of an amended complaint that sought to "clarify" Chartis' § 107 claim and add, for the first time, a subrogation claim under § 112. Docket No. 27, at 2. Further, Whittaker made a formal written demand on the United States on March 28, 2013 (two weeks after the *Chubb* decision). Ultimately, this Court (in addressing the United States' motion to dismiss the amended complaint), found that *Chubb* required dismissal of Chartis' section 107 claim. *See Chartis*, 2013 WL 3803334, at *10-11.

The United States contends that because Whittaker did not make a written demand on the United States until after the original complaint was filed, Chartis' subrogation claims under § 112(c) did not exist at the time of the original complaint. Accordingly, it contends relation back is improper. While not without logical force, the Court finds the argument unpersuasive.

Here, it is undisputed that the amended complaint and the original complaint both arise out of the same factual dispute – the alleged responsibility of the United States for environmental contamination at the affected site. Further, Chartis has been a plaintiff in this action from the beginning – having first asserted a claim under § 107 of CERCLA in the original complaint. *See* Complaint ¶¶ 63-88. In fact, the original complaint expressly alleges that Chartis was the "subrogee of Whittaker." *Id.* ¶ 5. Accordingly, there can be no reasonable dispute that the United States was on notice not only of the underlying dispute, but Chartis' involvement as the property owner's subrogee. Hence, the core requirements of and policy consideration underlying Rule 15(c) relations back are satisfied. The subsequent decision in *Chubbs* does not change this fact. Moreover, it is noteworthy that Chartis has been diligently seeking to pursue its claims, promptly responding to the guidance provided by the *Chubb* decision. *See ASARCO*, 765 F.3d at 1005 (relation back doctrine is to be liberally applied and is designed to "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities" (citation omitted)). Until its insured made a claim for a sum certain, there was nothing more that Chartis could do. While it is true that technically, Chartis had no right to sue under § 112 at the time of the complaint, to deny relations

back when all the basic requisites of relations back are met would exalt the form over substance and revert to old code pleading which Rule 15(c) was designed to eschew.

Accordingly, the Court **GRANTS** Chartis' motion for reconsideration. This Court's July 19, 2013 order on the United States' motion to dismiss is hereby modified to provide that Chartis may proceed on its § 112(c) subrogation claims for payments made by Chartis within three years of the December 12, 2012 filing of the original complaint. Any payments made by Chartis more than three years prior to December 12, 2012 remain time barred.

This order disposes of Docket Number 105.

IT IS SO ORDERED.

Dated: January 26, 2015

_____
EDWARD M. CHEN
United States District Judge