UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 13-cv-01527-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 146 |

　　　Currently pending before the Court is a joint motion to enter a proposed consent decree, submitted by (1) one of the plaintiffs in this action, namely, Chartis Specialty Insurance Company ("Chartis"), and (2) the United States. Having reviewed the joint motion, the Court finds that supplemental briefing is appropriate. **Accordingly, the Court hereby orders the parties to file a joint supplemental brief on the issues below no later than December 4, 2015.**

A.　　Proposed Consent Decree Between Whittaker and the United States

　　　It appears that there will also be a proposed consent decree between the other plaintiff in this case, Whittaker Corporation (Chartis's insured), and the United States. The parties shall address whether this motion should be temporarily deferred so that the Court may consider both proposed consent decrees at the same time.

B.　　Contribution Protection

　　　Paragraph 5 of the proposed consent decree provides, *inter alia*, that, "[w]ith regard to any claims for costs, damages, or other claims against the United States for Covered Matters under or addressed in this Agreement, the United States is entitled to . . . contribution protection consistent with section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and

1  any other applicable provision of federal or state law." Prop. Consent Decree ¶ 5(a). The parties
2  have submitted a proposed settlement order that incorporates this "contribution protection"
3  language. *See* Prop. Settlement Order at 2 ("As per Paragraph 5(a) of the Consent Decree, the
4  United States is entitled to contribution protection . . . .").

5      The parties shall explain what they mean by "contribution protection" – *e.g.*, is the
6  agreement that the United States shall be free from any claims for contribution from any other
7  interested party? If that is, in fact, the parties' agreement, then the parties should cite authority in
8  support, particularly as 42 U.S.C. § 9613(f)(2) only applies where "[a] person . . . has resolved its
9  liability *to* the United States" (emphasis added), and here, the United States is not a person *to*
10 whom liability is owed but rather a potentially responsible party.[1] If the parties are simply
11 agreeing that the United States is entitled to a credit for its settlement payment (should an
12 interested party bring a contribution claim against it), they should so clarify.

13 C. <u>Pacific Scientific Energy Materials</u>
14     Paragraph 4 of the proposed consent decree provides, *inter alia*, that Chartis

> agrees to indemnify the United States against any and all past or future claims asserted by any person or entity against the United States that is both proximately related to the Holex/Whittaker Site and the Policy, except with respect to claims asserted by Whittaker Corporation in the Action under sections 107(a)(4)(B) and 113(g)(2) of CERCLA or to claims asserted by Pacific Scientific Energetic Materials Company, Inc. or any of its predecessors at the Holex/Whittaker Site or successors.

20 Prop. Consent Decree ¶ 4. The parties shall identify who Pacific Scientific Energetic Materials
21 Company, Inc. is and what claims it may have against the United States that relate to the site at
22 issue.

---

[1] *Cf. Adobe Lumber, Inc. v. Hellman*, No. CIV. 05-1510 WBS EFB, 2009 U.S. Dist. LEXIS 10569, at *18-19 (E.D. Cal. Feb. 3, 2009) (noting, *inter alia*, that "[t]he text of CERCLA does not identify the appropriate settlement credit method for settlements between private PRPs[;] CERCLA section 113(f), which governs contribution claims, explicitly addresses only settlements reached with the United States or a state and provides that such settlements 'reduce the potential liability of the [nonsettling] defendants by the amount of the settlement'"; adding, however, that "CERCLA section 113(f)(1) . . . generally instructs courts to 'allocate response costs among liable parties using such equitable factors as the court determines are appropriate'").

D.   United States's Covenant Not to Sue

Paragraph 7 of the proposed consent decree consists of, *inter alia*, the United States's covenant not to sue. The covenant states that the United States releases any claims "it may have had, or hereafter have, including, but not limited to, claims under CERCLA sections 107, 112, and 113, against Chartis Specialty for Covered Matters." Prop. Consent Decree ¶ 7. The language used in the release, however, may be problematic given that "Covered Matters" is defined as claims that Chartis has against the United States. *See* Prop. Consent Decree ¶ 1(d) (defining "Covered Matters" as "any and all claims, known or unknown, that were, could have been, could now be, or could hereafter be asserted by Chartis Specialty against the United States in the Action pursuant to the rights afforded Chartis Specialty by virtue of, or arising through, the Policy, or otherwise, relating to the Holex/Whittaker Site"). The parties shall address whether ¶ 7 may be in need of clarification.

**IT IS SO ORDERED**.

Dated: November 24, 2015

EDWARD M. CHEN
United States District Judge